**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHAIT SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1334-D** |
| **v.** | ) | |
| | ) | |
| **WARDEN DR. SCARLET GRANT, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Chait Singh, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for

---

[1] Chris Gantt, the current Warden of the Cimarron Correctional Facility, is not a federal official and the Government did not file its response on his behalf. Doc. 8, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondents filed a response, Doc. 8, and Petitioner has replied. *See* Doc. 9.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part, and order Respondents to provide Petitioner with an individualized custody hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner.

**I. Factual background and procedural history.**

Petitioner is a native and citizen of India who entered the United States on or about March 8, 2022. Doc. 9, at 2. The Government released him on a $5,000.00 bond. *Id.* He is married to a U.S. citizen and has abided by all the terms of his release. *Id.*

On December 15, 2025, Immigration and Customs Enforcement (ICE) took Petitioner into custody after a traffic stop. Doc. 1, at 2, 6. On July 2, 2026, an Immigration Judge (IJ) denied Petitioner's asylum application and ordered his removal. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 25, 2026).[4] Petitioner has appealed to the Board of Immigration Appeals and that appeal is pending. *Id.*; *see* Doc. 9, at 2.

---

[4] The undersigned takes judicial notice of the Immigration Court's filings in Petitioner's case, available at Automated Case Information. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition

## II. Petitioner's claims.

Petitioner asserts four claims for relief: (1) illegal arrest and detention without a warrant in violation of his substantive and procedural due process rights; (2) illegal arrest and detention in violation of the Immigration and Nationality Act (INA) and the Administrative Procedure Act (APA); (3) illegal arrest and detention in violation of the INA because there was no material change in his release; and (4) illegal detention for over six months without a custody redetermination hearing under § 1226. Doc. 1, at 6-7. He seeks a show cause order as to why his petition should not be granted within three days; a preliminary and permanent injunction against future illegal detention and against Respondents moving him without giving 72-hours' notice; and to shorten any objection time; his immediate release; and a bond redetermination hearing. *Id.* at 7.[5]

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

---

of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)).

[5] As to the injunction against Respondents moving him without notice, the show cause order request, and the shortened objection time, the undersigned addressed these in its Order for Response, Doc. 6.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts ICE detained him without cause and he is entitled to release or a bond hearing. Doc. 1, at 6-7. Respondents contend they are properly detaining Petitioner under § 1225(b)(2)(A). Doc. 8, at 1. But they acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "compels a different outcome." *Id.*

Respondents released Petitioner into the country on bond and permitted him to reside in the interior of the country for years while he pursued his asylum application. ICE detained him during a traffic stop. Doc. 1, at 6. "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Court

should thus conclude that Petitioner's present detention "is governed by § 1226(a), not § 1225(b)[]." *Id.; cf. Santillan Quiroz*, 180 F.4th at 1240 ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. "Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3; *see, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

Here, the Government has not provided Petitioner with an individualized custody determination since his re-detention. Doc. 1, at 6-7; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her

release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within seven days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 1, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 25th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE